ORIGINAL

# In the United States Court of Federal Claims

No. 13-369 C
Filed: September 30, 2013

FILED

SEP 3 0 2013

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| MICHEAL WAYNE LONG, | Jurisdiction; |
| Plaintiff, *pro se*, | Motion to Dismiss, RCFC 12(b)(1); *Pro Se*; |
| v. | 28 U.S.C. § 2501 |
| THE UNITED STATES, |  |
| Defendant. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Micheal Wayne Long,** LaGrange, Kentucky, Plaintiff, *pro se*.

**Stuart F. Delery,** United States Department of Justice, Acting Assistant Attorney General, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**Braden,** *Judge*.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY.**[1]

On May 31, 2013, Mr. Micheal Wayne Long ("Plaintiff") filed a Complaint in the United States Court of Federal Claims seeking $2 million for various claims arising from his discharge from the United States Marine Corps ("Marine Corps") in 1978. Mr. Long currently is serving a life sentence for a murder conviction in the Kentucky State Reformatory. Compl. 4.

The May 31, 2013 Complaint alleges that the Marine Corps failed to evaluate Plaintiff's medical condition of schizophrenia before or during his service. Compl. Ex. 3. The failure to treat or diagnose this condition predisposed Plaintiff to commit the crimes for which he is now imprisoned. Compl. 3–4. For this failure, Plaintiff is entitled to damages. Am. Compl. 5. The court construes these as four distinct claims: (1) a claim based in tort, (2) a claim based on a violation of due process, (3) a request for an award of veteran's benefits, (4) and a claim for

---

[1] The relevant facts were derived from the May 31, 2013 Complaint, June 20, 2013 Amended Complaint, and exhibits therein.

military back pay. In addition to money damages, Mr. Long requests that the court overturn his state murder conviction. Compl. 5.

Attached to the May 31, 2013 Complaint are three Exhibits: (1) a copy of Plaintiff's discharge papers (Compl. Ex. 1); (2) a July 5, 1979 affidavit from a forensic psychiatrist as to Plaintiff's competency to stand trial (Compl. Ex. 2); and (3) an April 4, 2006 affidavit from Plaintiff's psychologist (Compl. Ex. 3).

On June 20, 2013, Plaintiff filed an Amended Complaint that makes several references to an "unspecified section of the title 18, U.S.C. statutory authority" as the statutory source for his Tucker Act Claim.[2] Am. Compl. 2, 3. The Amended Complaint also alleges that the Marine Corps failed to examine or diagnose his mental disorder. Am. Compl. 1–2. The Amended Complaint further alleges that the Marine Corps improperly discharged Plaintiff because of his undiagnosed mental disorder. Am. Compl. 2–3. As a result, the Amended Complaint requests that the court amend Plaintiff's military records to change his discharge from the Marine Corps to an "Honorable Medical Discharge." Am. Compl. 3.

Along with the June 20, 2013, Amended Complaint, Mr. Long resubmitted two Exhibits: (1) a copy of his discharge papers (Am. Compl. 5); (2) and an April 4, 2006 affidavit from his psychologist (Am. Compl. 6).

On July 22, 2013, the Government filed a Motion to Dismiss, arguing that the court does not have subject matter jurisdiction over the claims set forth in the Amended Complaint and to the extent that subject matter jurisdiction exists, that Plaintiff's claims are time barred. On August 27, 2013, Plaintiff filed a response titled "Motion to over Discrepancy [sic]." On September 5, 2013, Plaintiff filed an additional, untitled, response. On September 10, 2013, the Government filed a Reply.

## II. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

---

[2] Although the Amended Complaint is controlling, given the Plaintiff's *pro se* status the court cites to both the Complaint and Amended Complaint in an abundance of caution so as to completely construe Plaintiff's claims.

2

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act . . . ."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.      Standard of Review for Pro Se Litigants.

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C.      Standard of Review for a Motion to Dismiss Pursuant to RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

### D.      The Government's July 22, 2013, Motion to Dismiss.

#### 1.      The Government's Argument.

Both the May 31, 2013, Complaint and the June 20, 2013, Amended Complaint do not contain allegations sufficient to establish subject matter jurisdiction. Gov't Mot. 5 Neither cite legal authority that provides Plaintiff with a substantive right to money damages. Gov't Mot. 6. To the extent that the Amended Complaint alleges a military pay claim it is time barred by the

3

statute of limitations. Gov't Mot. 7. This court does not have subject matter jurisdiction to award veteran's benefits. Gov't Mot. 8. Nor does it have subject matter jurisdiction to review state criminal convictions. Gov't Mot. 8–9.

### 2.     The Plaintiff's Response.

Plaintiff's two responses fail to address the jurisdictional problems raised by the Government's July 22, 2013 Motion to Dismiss. Plaintiff's first response largely restates the allegations made in the May 31, 2013 Complaint and the June 20, 2013 Amended Complaint, *i.e.*, that the military's failure to diagnose his mental illness made him predisposed to commit crimes. Pl. Resp., Aug. 27, 2013. Specifically, Plaintiff's August 27, 2013 Response requests that the court "downward departure" his state court conviction because of his mental illness. Pl. Resp. 2, Aug. 27, 2013. Similarly, Mr. Long's second response again repeats the allegations of the May 31, 2013 Complaint and June 20, 2013 Amended Complaint but cites to the Tucker Act. Pl. Resp. 3, Sept. 5, 2013.

### 3.     The Court's Resolution.

Plaintiff has failed to meet the burden of establishing the subject matter jurisdiction for the reasons set forth below.

#### i.     The United States Court of Federal Claims Does Not Have Jurisdiction To Adjudicate Tort Claims.

First, the June 20, 2013 Amended Complaint alleges that the Marine Corps was negligent or reckless in not diagnosing Plaintiff's mental condition, and that this breach was the proximate cause of the crimes that Plaintiff committed. Plaintiff has not cited any statute which creates a cause of action from these facts. Negligent or reckless acts that give rise to injury are torts. The court, however, does not have jurisdiction to adjudicate tort claims. *See* 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim . . . for liquidated damages . . . in cases not sounding in tort."). Instead, United States District Courts are the proper forum to bring tort claims against the United States. *See* 28 U.S.C. § 1346(b)(1). Plaintiff's tort claims must be dismissed.

#### ii.    The United States Court of Federal Claims Does Not Have Jurisdiction to Adjudicate Due Process Claims.

Second, the June 20, 2013 Amended Complaint seeks equitable relief and damages, because the Marine Corps discharged Plaintiff without being afforded due process of law. Am. Compl. 2–3. A violation of the due process clause, however, "does not obligate the government to pay money damages." *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995). This court's jurisdiction is limited to claims based in a substantive right to money damages from the federal government. *See Todd*, 386 F.3d at 1094. Accordingly, the court does not have jurisdiction to adjudicate claims arising from a violation of due process. *See Collins*, 67 F.3d at 288. Therefore, Plaintiff's due process claims must be dismissed.

4

### iii. The United States Court of Federal Claims Does Not Have Jurisdiction To Adjudicate Veteran's Benefits Claims.

Third, the Amended Complaint requests that the court award Plaintiff full veteran's benefits. Am. Compl. 3. Veteran's claims fall within the exclusive adjudicatory scheme set in Title 38 of the United States Code. *See* 38 U.S.C. § 511; *see also Addington v. United States*, 94 Fed. Cl. 779, 783 (2010) (determining that the United States Court of Federal Claims lacked Tucker Act jurisdiction over veteran's benefits determinations). The United States Court of Federal Claims does not have jurisdiction to award veteran's benefits. *Ferreiro v. United States*, 72 Fed. Cl. 1, 6 (2006) *aff'd*, 501 F.3d 1349 (Fed. Cir. 2007) (citing 38 U.S.C. § 511). Therefore, Plaintiff's veteran's benefits claims must be dismissed.

### iv. The United States Court of Federal Claims Does Not Have Jurisdiction To Review State Criminal Convictions.

Fourth, the Amended Complaint seeks to have Plaintiff's state court murder conviction overturned. Compl. 5; Pl. Resp. 3, Sept. 5, 2013. The United States Court of Federal Claims does not have jurisdiction over criminal matters. *See Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (citing 28 U.S.C. § 1491). Therefore, Plaintiff's claim regarding his criminal conviction must be dismissed.

### v. Plaintiff's Claims Relating to His Discharge from the United States Marine Corps are Time-Barred.

Finally, the Amended Complaint requests that the court "upgrade" Plaintiff's discharge to an "Honorable Medical Discharge." Am. Compl. 3. Mindful of Plaintiff's *pro se* status, the court has construed this as a request for military pay. To the extent that the court would have subject matter jurisdiction over such a claim, it is now time-barred. *See* 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.") Any claims arising out of Plaintiff's discharge from the Marine Corps accrued in 1978, at the time of discharge. *See, e.g., Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) ("In a military discharge case, this court and the [United States] Court of Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge."). Because Plaintiff's discharge occurred in 1978, he needed to file suit by 1984. Plaintiff, however, did not file a complaint until May 31, 2013. Accordingly, any claims related to Plaintiff's discharge are time-barred. Therefore, all claims relating to Plaintiff's discharge from the Marine Corps must be dismissed.

\* \* \*

Although Plaintiff's May 31, 2013 Complaint must be dismissed, the court expects that the Kentucky State Reformatory will care for and treat Plaintiff's medical condition and urge state and federal legislatures to provide the necessary resources. *See* Gary Fields & Erica E. Phillips, *The New Asylums: Jails Swell With Mentally Ill*, WALL STREET JOURNAL, Sept. 13, 2013, at A1.

## III. CONCLUSION.

For these reasons, the Government's July 22, 2013 Motion to Dismiss is granted. *See* RCFC 12(b)(1). Accordingly, the Clerk is directed to dismiss the June 20, 2013 Amended Complaint.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
Judge